UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DANA McLAUGHLIN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JURY DEMANDED |
| | ) | Civil Action No.  1:13cv11830 |
| LAW OFFICES | ) | |
| HOWARD LEE SCHIFF, P.C. and | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Dana McLaughlin ("McLaughlin") brings this action against the Law Offices Howard Lee Schiff, P.C. ("Schiff") and Does 1-10, inclusive ("Schiff Collectors") (together, the "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Ms. McLaughlin seeks actual and statutory damages, together with the costs of this action and reasonable attorney's fees, arising from the Defendants' unlawful conduct in connection with attempts to collect a debt on behalf of Schiff's client, Citibank, N.A. ("Citibank"). In particular, the Defendants violated the FDCPA when they communicated directly with Ms. McLaughlin, known to be represented by counsel, without the assent of counsel, when they misrepresented the character, amount, and legal status of Ms. McLaughlin's debt, and used false representations and deceptive means in an attempt to collect that debt.

THE PARTIES

1.      Plaintiff Dana McLaughlin is a natural person who resides in East Bridgewater, Plymouth County, Massachusetts.

2.      At all times relevant to this Complaint, Defendant Howard Lee Schiff, P.C. ("Schiff") was a Connecticut business entity with an address of PO Box 280245, 510 Tolland Street, East Hartford, Connecticut 06128, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

3.     Does 1-10, inclusive ("Schiff Collectors") are individual collectors employed by Schiff and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this civil action pursuant to 15 U.S.C. § 1692k(d).

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Schiff has a place of business in Massachusetts, Schiff transacts business in Massachusetts, and because a substantial part of the events or omissions giving rise to Ms. McLaughlin's claims occurred in Massachusetts.

## STATEMENT OF FACTS

6.     Ms. McLaughlin is a consumer, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).[1]

7.     Schiff is a debt collector, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).[2]

8.     At all times relevant to this Complaint Schiff acted by and through one or more of the Schiff Collectors.

9.     At some point prior to September 24, 2012, Ms. McLaughlin allegedly became obligated to Citibank on a consumer debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).[3]

---

[1] "The term "consumer" means any natural person obligated or allegedly obligated to pay any debt."

[2] "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

[3] "The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

10.     On or about September 24, 2012 Schiff, acting on behalf of and as agent of Citibank, filed a small claims complaint against Ms. McLaughlin in the Brockton District Court styled *Citibank, N.A. v. McLaughlin,* C.A. No. 1215SC002149, in an attempt to collect $6.099.03 that Ms. McLaughlin allegedly owed to Citibank on credit card account number ending in x1204, together with an additional $150.00 in costs. *EXHIBIT 1, Statement of Small Claim and Notice of Trial, Sept. 24, 2012.*

11.     On or about December 6, 2012, after Schiff refused Ms. McLaughlin's timely request to continue the hearing so that she could sit for a final examination in one of her college courses, judgment by default entered against Ms. McLaughlin in the amount of $6389.49. *EXHIBIT 2, Judgment for Plaintiff, Dec. 6, 2012.*

12.      On or about January 16, 2013, undersigned counsel appeared with Ms. McLaughlin for a payment review hearing, at which time Schiff and Ms. McLaughlin agreed to continue the matter for payment review to June 12, 2013. *EXHIBIT 3, Agreement for Continuance, Jan. 6, 2013.*

13.     On or about February 7, 2013, undersigned counsel filed and served upon Schiff a motion to remove the default judgment entered on December 6, 2012. *EXHIBIT 4, Motion to Vacate Default Judgment, Feb. 7, 2013.*

14.     On or about February 12, 2013, Schiff mailed a letter directly to Ms. McLaughlin, offering to settle the alleged outstanding debt for 60% of the balance due, notifying Ms. McLaughlin of potential tax consequences of said settlement, and urging her to "resolve this now," stating "we need to hear from you." *EXHIBIT 5, Letter from Law Offices Howard Lee Schiff, P.C. to Dana McLaughlin, Feb. 12, 2013.*

15.     On or about February 21, 2013, the Clerk-Magistrate of the Brockton District Court, Small Claims Division, allowed Ms. McLaughlin's February 7, 2013 motion to vacate the default judgment. The Clerk-Magistrate continued the matter to May 23, 2013 for trial. *EXHIBIT 6, Motion to Vacate Default Judgment (allowed, without hearing, by agreement), Feb. 21, 2013.*

16.     On March 4, 2013, Schiff again contacted Ms. McLaughlin directly, mailing her a copy of its letter to the Brockton District Court requesting that the May 23, 2013 hearing be taken off the Court's docket because "our office is not proceeding." *EXHIBIT 7, Letter from Law Offices Howard Lee Schiff, P.C. to Brockton District Court, Mar. 4, 2013.*

17.     On March 13, 2013 Schiff contacted Ms. McLaughlin directly once again, this time mailing her a copy of its letter to the Brockton District Court requesting that the Court disregard its March 4, 2013 letter "as hearing is scheduled." *EXHIBIT 8, Letter from Law Offices Howard Lee Schiff, P.C. to Brockton District Court, Mar. 13, 2013.*

18.     On May 23, 2013, Schiff appeared for a hearing in this action and moved for a judgment by default against Ms. McLaughlin in the amount of $6,626.60, which request was allowed by the Clerk-Magistrate. *EXHIBIT 9, Judgment for Plaintiff, May 23, 2013.*

19.     On May 29, 2013 undersigned counsel filed and served a motion to vacate the May 23, 2013 default judgment and to dismiss the matter with prejudice. *EXHIBIT 10, Motion to Vacate Default Judgment, May 29, 2013.*

20.     On July 18, 2013, Schiff mailed to undersigned counsel Plaintiff's Opposition to Defendant's Motion to Vacate Judgment and Motion to Dismiss, in which Schiff did not oppose Ms. McLaughlin's request to vacate the default judgment, but only her motion for dismissal of the small claims action with prejudice. *EXHIBIT 11, Plaintiff's Opposition to Defendant's Motion to Vacate Judgment and Motion to Dismiss.*

21.     On July 24, 2013, the Clerk-Magistrate allowed Ms. McLaughlin's motion to vacate the default judgment but denied her motion to dismiss the case with prejudice.

COUNT I
Violation of FDCPA, 15 U.S.C. § 1692c(a)(2)

On or about February 12, 2013, after filing a small claims collection action against Ms. McLaughlin, conducting a payment review hearing in which undersigned counsel appeared and signed an agreement for continuance, and after receiving undersigned counsel's motion to vacate the December 6, 2012 default judgment, Schiff communicated with Ms. McLaughlin by first-class mail, without her prior consent, without express permission of a court of competent jurisdiction, and without agreement of Ms. McLaughlin's counsel, stating "we need to hear from you" and urging  her to "resolve this now." On or about March 4, 2013, Schiff again contacted Ms. McLaughlin directly, without her prior consent, without express permission of a court of competent jurisdiction, and without agreement of Ms. McLaughlin's counsel, by mailing her a copy of a letter sent to the Brockton District Court requesting that the May 23, 2013 hearing in that case be taken off the Court's docket because "our office is not proceeding." On March 13, 2013 Schiff contacted Ms. McLaughlin directly a third time,  without her prior consent, without express permission of a court of competent jurisdiction, and without agreement of Ms. McLaughlin's counsel, by mailing a copy of a letter requesting that the court disregard its March 4, 2013 communication. These actions constituted improper communications by a debt collector with a consumer represented by an attorney with respect to that debt, in violation of 15 U.S.C. § 1692c(a)(2).[4] As a result of the Defendants' unlawful conduct, Ms. McLaughlin has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[4] "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

COUNT II
Violation of FDCPA, 15 U.S.C. § 1692d

On or about March 4, 2013, Schiff notified the Brockton District Court by first-class mail that it was not proceeding with the small claims action filed on behalf of its client, Citibank, and requested that the May 23, 2013 hearing in that case be taken off the Court's docket. A copy of this letter was sent directly to Ms. McLaughlin, but not to undersigned counsel. On or about March 13, 2013, Schiff mailed a second communication to Ms. McLaughlin, and again, not to undersigned counsel, requesting the Court disregard its March 4, 2013 communication and hold the hearing, as previously scheduled, on May 23, 2013.  As of July 24, 2013, when the parties appeared for a hearing, the March 13 letter had not appeared in the Court's file; it was certainly not present when undersigned counsel reviewed the Court's file in preparation for filing, serving and scheduling the hearing on Ms. McLaughlin's motion to dismiss.  Nevertheless, apparently on representation by Schiff's substitute counsel that the matter was going forward, the clerk-magistrate held a hearing on the small claims complaint on May 23, 2013, without the defendant or her attorney present, and duly entered a default judgment.

Ms. McLaughlin was confused and upset by the on-again, off-again status of the collection action and the judgments entered against her by default, because Schiff communicated directly with her, rather than with undersigned counsel, who was unable to explain and advise Ms. McLaughlin regarding the status of the case until July 22, 2013, when copies of Schiff's March 4 and March 13 letters were received as attachments to Schiff's opposition. *See EXHIBIT 11.* Schiff's actions constituted conduct the natural consequence of which was to harass, oppress, and abuse Ms. McLaughlin in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. § 1692d.[5] As a result of the Defendants' unlawful conduct, Ms. McLaughlin has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[5]"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

COUNT III
Violation of FDCPA, 15 U.S.C. § 1692e(2)(A)

On or about March 4, 2013, Schiff notified the Brockton District Court by first-class mail that it was not proceeding with the small claims action filed on behalf of its client, Citibank, and requested that the May 23, 2013 hearing in that case be taken off the Court's docket. A copy of this letter was sent directly to Ms. McLaughlin, but not to undersigned counsel. On or about March 13, 2013, Schiff mailed a second communication to Ms. McLaughlin, and again, not to undersigned counsel, requesting the Court disregard its March 4, 2013 communication and hold the hearing, as previously scheduled, on May 23, 2013. As of July 24, 2013, when the parties appeared for a hearing, the March 13 letter had not appeared in the Court's file; it was certainly not present when undersigned counsel reviewed the Court's file in preparation for filing, serving and scheduling the hearing on Ms. McLaughlin's motion to dismiss.  Nevertheless, apparently on representation by Schiff's substitute counsel that the matter was going forward, the clerk-magistrate held a hearing on the small claims complaint on May 23, 2013, without the defendant or her attorney present, and duly entered a default judgment.

Ms. McLaughlin was confused and upset by the on-again, off-again status of the collection action and the judgments entered against her by default, because Schiff communicated directly with her, rather than with undersigned counsel, who was unable to explain and advise Ms. McLaughlin regarding the status of the case until July 22, 2013, when copies of Schiff's March 4 and March 13 letters were received as attachments to Schiff's opposition. *See EXHIBIT 11*. Schiff's actions involved the use of false, deceptive, and misleading representations and means by the Defendants in connection with the collection of a debt, including false representation of the character, amount and legal status of a debt, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).[6] As a result of the Defendants' unlawful conduct, Ms. McLaughlin has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[6]"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of --
      (A) the character, amount, or legal status of any debt...."

COUNT IV
Violation of FDCPA, 15 U.S.C. § 1692e(10)

On or about March 4, 2013, Schiff notified the Brockton District Court by first-class mail that it was not proceeding with the small claims action filed on behalf of its client, Citibank, and requested that the May 23, 2013 hearing in that case be taken off the Court's docket. A copy of this letter was sent directly to Ms. McLaughlin, but not to undersigned counsel. On or about March 13, 2013, Schiff mailed a second communication to Ms. McLaughlin, and again, not to undersigned counsel, requesting the Court disregard its March 4, 2013 communication and hold the hearing, as previously scheduled, on May 23, 2013.  As of July 24, 2013, when the parties appeared for a hearing, the March 13 letter had not appeared in the Court's file; it was certainly not present when undersigned counsel reviewed the Court's file in preparation for filing, serving and scheduling the hearing on Ms. McLaughlin's motion to dismiss.  Nevertheless, apparently on representation by Schiff's substitute counsel that the matter was going forward, the clerk-magistrate held a hearing on the small claims complaint on May 23, 2013, without the defendant or her attorney present, and duly entered a default judgment.

Ms. McLaughlin was confused and upset by the on-again, off-again status of the collection action and the judgments entered against her by default, because Schiff communicated directly with her, rather than with undersigned counsel, who was unable to explain and advise Ms. McLaughlin regarding the status of the case until July 22, 2013, when copies of Schiff's March 4 and March 13 letters were received as attachments to Schiff's opposition. *See EXHIBIT 11*.  Schiff's actions involved the use of false, deceptive, and misleading representations and means to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e(10).[7] As a result of the Defendants' unlawful conduct, Ms. McLaughlin has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[7]"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### COUNT V
### Violation of FDCPA, 15 U.S.C. § 1692f

On or about March 4, 2013, Schiff notified the Brockton District Court by first-class mail that it was not proceeding with the small claims action filed on behalf of its client, Citibank, and requested that the May 23, 2013 hearing in that case be taken off the Court's docket. A copy of this letter was sent directly to Ms. McLaughlin, but not to undersigned counsel. On or about March 13, 2013, Schiff mailed a second communication to Ms. McLaughlin, and again, not to undersigned counsel, requesting the Court disregard its March 4, 2013 communication and hold the hearing, as previously scheduled, on May 23, 2013.  As of July 24, 2013, when the parties appeared for a hearing, the March 13 letter had not appeared in the Court's file; it was certainly not present when undersigned counsel reviewed the Court's file in preparation for filing, serving and scheduling the hearing on Ms. McLaughlin's motion to dismiss.  Nevertheless, apparently on representation by Schiff's substitute counsel that the matter was going forward, the clerk-magistrate held a hearing on the small claims complaint on May 23, 2013, without the defendant or her attorney present, and duly entered a default judgment.

Ms. McLaughlin was confused and upset by the on-again, off-again status of the collection action and the judgments entered against her by default, because Schiff communicated directly with her, rather than with undersigned counsel, who was unable to explain and advise Ms. McLaughlin regarding the status of the case until July 22, 2013, when copies of Schiff's March 4 and March 13 letters were received as attachments to Schiff's opposition. *See EXHIBIT 11*.  Schiff's actions involved the use of unfair and unconscionable means to collect or attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692f.[8] As a result of the Defendants' unlawful conduct, Ms. McLaughlin has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[8]"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Dana McLaughlin, asks that judgment be entered against the Defendants, jointly and severally, and that this Court award her:

- Actual damages, pursuant to 15 U.S.C. § 1692(k)(1), in an amount to be determined at trial;

- Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1000.00;

- Litigation costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff requests a trial by jury on all counts so triable.

Respectfully Submitted,
DANA McLAUGHLIN,
By Her Attorney,

Dated: August 1, 2013

*/s/ Barbara L. Horan*
Barbara L. Horan, Esq. BBO #652151
LAW OFFICE OF BARBARA L. HORAN
800 Hingham Street
Rockland MA 02370
855 488 4400 (t)
855 797 4040 (f)
blh@BLHLaw.net (e)