UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Dana McLaughlin )<br>    Plaintiff )<br>)<br>v. )<br>)<br>Howard Lee Schiff; and DOES 1-10, inclusive. )<br>    Defendant ) | CIVIL ACTION NO. 1:13cv11830 |

### ANSWER TO COMPLAINT

Now comes, Defendant, LAW OFFICES HOWARD LEE SCHIFF, P.C. (hereinafter "Schiff Law Office"), with its Answer to the Complaint.

### THE PARTIES

1. Schiff Law Office has no reason to believe that this statement in not true and accurate.

2. Schiff Law Office is without sufficient information or knowledge to determine what the Plaintiff means by "at all times relevant" and therefore calls upon the Plaintiff to prove the same during the course of these proceedings. Schiff Law Office admits that it is Connecticut business with a business address at PO Box 280245, 510 Tolland Street, East Hartford, CT 06128. Schiff Law Office denies that it is operating as a collection agency. Schiff Law Office is a law firm that specializes in the practice of debt collection and therefore in some instances it acts as "debt collector" as defined by 15 U.S.C. sec. 1692a(6).

3. Schiff Law Office is without sufficient information or knowledge to admit or deny the allegations set forth in this paragraph and therefore calls upon the Plaintiff to prove the same during the course of these proceedings.

### JURISTICTION AND VENUE

4. Schiff Law Office does not contest the jurisdiction of this court.

5. Schiff Law Office does not contest the venue of this court.

### STATEMENT OF FACTS

6. Schiff Law Office lacks sufficient information or knowledge as to whether the Plaintiff is a consumer, as that term is defined by the FDCPA, 15 U.S.C. sec. 1692a(3).

7. Schiff Law Office admits that at times it is a debt collector as the term is defined by the FDCPA, 15 U.S.C. sec. 1692a(6).

8. Schiff Law Office lacks sufficient information or knowledge to either admit or deny these allegations and therefore calls upon the Plaintiff to prove the same during the course of these proceedings.

9. Schiff Law Office lacks sufficient information or knowledge to either admit or deny these allegations and therefore calls upon the Plaintiff to prove the same during the course of these proceedings.

10. Schiff Law Office admits that it is counsel for Citibank, N.A. in a state court action pending in the Brockton Small Claims Court styled *Citibank, N.A. v. McLaughlin*, C.A. No. 1215SC00214, which is now pending, upon transfer to the Brockton District Court under C.A. 1215CV2149 (hereinafter "state court action") and further states that the state court pleadings and motions speak for itself.

11. Schiff Law Office denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings. Schiff Law Office admits that a default judgment entered against the Plaintiff on or around December 6, 2012, when the state court action was pending in small claims.

12. Schiff Law Office admits that in the state court action when the case was pending in small claims, the court scheduled a payment review hearing for January 2013 and that the hearing was continued to June 12, 2013 because the Plaintiff had no ability to make payments.

13. Schiff Law Office is without sufficient information or knowledge to either admit or deny these allegations and therefore calls upon the plaintiff to prove during the course of these proceedings.

14. Schiff Law Office admits that it sent a letter to Plaintiff and further states that the letter speaks for itself.

15. Schiff Law Office admits that the plaintiff's motion to vacate the December 2012 small claims

judgment was allowed and that the case was set for trial on May 23, 2013.

16.     Schiff Law Office admits that it inadvertently sent a letter dated March 4, 2013 to the Court and to the Plaintiff requesting that the May 23, 2013 hearing be cancelled.

17.     Schiff Law Office admits that it corrected its inadvertence by sending a corrective letter dated March 13, 2013 informing the Court and Plaintiff that the March 4, 2013 letter was sent in error and that the case should remain on the small claims trial calendar.

18.     Schiff Law Office admits that the court proceeded with the May 23, 2013 small claims trial and the Plaintiff was once again defaulted and as such a default judgment entered.

19.     Schiff Law Office lacks sufficient information or knowledge regarding when the Plaintiff's counsel filed and served her motion to vacate default judgment.

20.     Schiff Law Office admits that it had no opposition to the motion to vacate the default judgment, but opposed the motion to dismiss the claim with prejudice.

21.     Schiff Law Office admits.

## COUNT 1

### Violation of FDCPA, 15 U.S.C. sec. 1692c(a)(2)

Schiff Law Office denies these allegations and calls upon the plaintiff to prove the same during the course of these proceedings.

## COUNT II

### Violation of FDCPA, 15 U.S.C. sec. 1692d

Schiff Law Office denies these allegations and calls upon the plaintiff to prove the same during the course of these proceedings.

## COUNT III

### Violation of FDCPA, 15 U.S.C. sec. 1692e(2)(A)

Schiff Law Office denies these allegations and calls upon the plaintiff to prove the same during the course of these proceedings.

## COUNT IV

### Violation of FDCPA, 15 U.S.C. sec. 1692e(10)

Schiff Law Office denies these allegations and calls upon the plaintiff to prove the same during the course of these proceedings.

## COUNT V

### Violation of FDCPA, 15 U.S.C. sec. 1692f

Schiff Law Office denies these allegations and calls upon the plaintiff to prove the same during the course of these proceedings.

## AFFIRMATIVE DEFENSE

### First Defense

The Plaintiff has failed to state a claim upon which relief may be granted.

### Second Defense

Any alleged violation was the result of a bona fide error, and liability may not be imposed on the defendant pursuant to 15 U.S.C. §1692k(c) in that defendant maintains procedures and practices to ensure compliance with the Fair Debt Collection Practices Act; any violation of the Act was unintentional and occurred notwithstanding the maintenance of such procedures.

### Third Defense

If the Plaintiff suffered any damage or injury, which Schiff Law Office denies then the same is the result of her own act or omission

WHEREFORE, Schiff Law Office prays:

1. That the Plaintiff recover no damages, attorney's or costs;

2. That this Court make a finding that this action was brought in bad faith and for the purpose of harassment by the plaintiff's counsel entitling defendant to an award of attorney's fees reasonable in relation to the work expended and costs, as provided under 15 U.S.C. §1692k(a)(3);

3. That this Court enter an award of sanctions against plaintiff and plaintiff's counsel pursuant to Fed. R. Civ. P. 11; and

4. For such other and further relief as this Court may deem just and proper.

DEFENDANT, LAW OFFICES HOWARD LEE SCHIFF PC
/S/ *Karen Wisniowski*
Karen Wisniowski  BB0#633018
Law Offices Howard Lee Schiff PC
25 Auburn Street, STE 2, BLDING 2
Auburn, MA 01501
Telephone (866)234-7606
Fax (508) 753 0260
kwisniowski@hlschiffpc.com

Dated: August 29, 2013

### CERTIFICATION OF SERVICE

I state on information and believe that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rule 9(a), constitute service hereof on such persons and parties listed below as being served by mail by mailing to the indicated address.

**PLAINTIFF**
Barbara Horan
Law Offices of
800 Hingham Street
Rockland, MA 02370

/s/Karen J Wisniowski

5